IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| EMIL JOSEPH LONG NECK,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DAVID SPOTTED EAGLE, and PERSONS UNKNOWN,<br><br>Defendants. | Cause No.  CV 10-53-GF-SEH-RKS<br><br><br>RECOMMENDATION AND ORDER TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

Pending are Plaintiff Emil Joseph Long Neck's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint alleging illegal extradition. (Court Doc. 2). This case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

Indigent litigants may proceed in forma pauperis upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad discretion in denying an application to proceed in forma

RECOMMENDATION AND ORDER TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT—CV 10-00053-GF-SEH-RKS / PAGE 1

pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Mr. Long Neck's motion should be denied because his Complaint is barred by the applicable statute of limitations.

Mr. Long Neck is a federal prisoner proceeding without counsel. The named Defendants are David Spotted Eagle and unknown F.B.I. Agents.

Mr. Long Neck alleges he was arrested and transported without due process off the Blackfoot Indian Reservation by Defendants in violation of the United States Constitution, Federal and State Extradition laws, the Uniform Extradition Act, Federal Code of Regulation Tile 25, C.F.R. 11.318, and the Treaty between Mr. Long Neck's Tribe and the United States Government. (Court Doc. 2, p. 3).

Federal courts have authority to award damages to plaintiffs whose federal constitutional rights were violated by federal officers. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The forum state's statute of limitations governing personal injury actions governs the limitations period for a *Bivens* action. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); *Papa v. United States*, 281 F.3d 1004, 2009 (9th Cir. 2002). In Montana, that period is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1). Mr. Long Neck signed his Complaint on August 10, 2010, accordingly, any claims arising prior to August 10, 2007 are barred by the statute of limitations.

There is no record of Mr. Long Neck being arrested by federal officers in Montana in the past three years. In fact, it appears Mr. Long Neck has been in federal custody since 2003. Therefore, Mr. Long Neck's claims accrued prior to August 10, 2007 and are barred by the applicable statute of limitations. This is not a defect which could be

cured by amendment.  Accordingly, Mr. Long Neck's Complaint should
be dismissed with prejudice.

Because Mr. Long Neck is not entitled to a ten-day period to
object, this Order will be entered directly upon endorsement. *See*
*Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per
curiam).  No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the
following Order be issued by Judge Haddon.

DATED this 22 day of September, 2010.

Keith Strong
United States Magistrate Judge

Based upon the above Recommendation by Judge Strong, the
Court issues the following:

## ORDER

1.  Mr. Long Neck's motion to proceed in forma pauperis (Court
Doc. 1) is **DENIED** and this matter is **DISMISSED** for failure to file
within the applicable statute of limitations.

RECOMMENDATION AND ORDER TO DENY MOTION TO PROCEED IN FORMA
PAUPERIS AND DISMISSING COMPLAINT--CV 10-00053-GF-SEH-RKS /
PAGE 4

2.  The Clerk of Court is directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 27ᵗʰ day of September, 2010.

SAM E. HADDON
United States District Judge